Ronnie **JOHNSON**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 73-1124
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 15, 1973.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Ronnie Johnson, pro se.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., William F. Sanderson, Jr., Asst. U. S. Atty., Dallas, Tex., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Ronnie Johnson, the petitioner in this § 2255 action, was indicted by a grand jury on two separate counts of bank robbery. At his arraignment Johnson pled not guilty to both charges. At the trial, however, after the conclusion of the presentation of the government's case, he changed his plea on Count I of the indictment to guilty. The second count of the indictment was dismissed on the motion of the government. The trial court sentenced Johnson to 20 years imprisonment. The facts brought out at the trial before he changed his plea reveal that two drive-in tellers located at opposite ends of the drive-in teller cages at the Midway National Bank of Grand Prairie, Texas, were simultaneously robbed by two armed men. The government sought to prove that Johnson, outfitted with a rifle equipped with a telescopic sight, was seated in a car some distance from the bank watching and overseeing the activities of these two robbers.

In the pending proceeding Johnson contends that his plea of guilty to Count I of the indictment was involuntary. He argues that the plea was made under duress, since he had been erroneously advised by his privately retained counsel that he could receive consecutive sentences on both counts if convicted. Accepting as true his contention that he was told that he could be committed for as long as 50 years if found guilty on both counts, we hold that this fact does not in itself entitle him to the relief which he seeks.

At the time Johnson changed his plea from not guilty to guilty he stood charged under two counts, each of which carried a possible sentence of 25 years imprisonment and a 10,000 dollar fine. Thus, mathematically, the possible maximum punishment on these two counts was correctly stated to be 50 years imprisonment. Johnson contends, however, that since only one bank robbery was perpetrated he could only have been convicted and sentenced on one of the two counts. We need not decide whether this contention is correct. Whether or not it would have been proper for the district

court to sentence him on both of the counts charged in the indictment, the advice given him by his counsel as to the possible range of punishment he could expect were he convicted on both counts was not such patently erroneous advice as would vitiate his plea of guilty.

This case is distinguishable from our decision in Cooks v. United States, 461 F.2d 530 (5th Cir. 1972). In that case the court was presented with the situation in which the Supreme Court had removed all doubt as to whether or not the same multiple charges under 18 U.S.C.A. § 2314 could be proper.[1] The question presented here—do the facts establish one bank robbery or two?—is a novel one which could depend on the development of facts. Counsel's advice, even if it was erroneous, did not rise to the level of denying Johnson due process of law nor did it constitute ineffective counsel. As the Supreme Court stated in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), a defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. In this case, the advice of Johnson's retained counsel was well within the range of competence required of attorneys representing defendants in criminal cases. See McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).

We have examined petitioner's other contentions—i. e., that he entered his plea of guilty without a full understanding of the charge and nature of the crime and that there was no factual basis for the charge—and find them without merit. The judgment of the court below is in all respects

Affirmed.

1. Castle v. United States, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75 (1961), vacating 287 F.2d 657 (5th Cir.).

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.