**Joe Oliver CAVETT, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 76–2589
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 14, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Joe Oliver Cavett, pro se.

Michael P. Carnes, U. S. Atty., Gerhard Kleinschmidt, Asst. U. S. Atty., Ft. Worth, Tex., for respondent-appellee.

Before GODBOLD, HILL and FAY, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Appellant Cavett appeals from the dismissal without a hearing of his 28 U.S.C.A. § 2255 motion, contending that, because of allegedly erroneous advice of counsel, his guilty plea was not intelligently made and that the District Court was in error for failure to grant an evidentiary hearing to determine the issue.

On June 27, 1975, appellant, represented by counsel, entered a plea of guilty to a one-count indictment charging him and several codefendants with obstructing justice in violation of 18 U.S.C.A. § 1503. At the time appellant entered his plea, he was given appropriate advice of the maximum penalty which he could receive. Under oath, appellant admitted that on March 8, 1975, while confined in the Dallas County, Texas jail, with one Gene William Hackett, he knew, or believed, that Hackett had testified in behalf of the United States (in an unrelated case) and that he physically assaulted Hackett. Appellant was sentenced to a five year prison term, the maximum sentence.

At the time appellant and his counsel conferred and considered the entry of a plea of guilty, appellant had a criminal record including three prior felony convictions. One of the prior convictions had been reversed and was awaiting retrial, but the others remained unreversed and not under attack. Appellant's counsel accordingly advised appellant that, because of the existence of prior convictions, there was a likelihood of appellant's being prosecuted under 18 U.S.C.A. § 3575 as a "dangerous special offender." It was anticipated that this exposure might be eliminated by a plea of guilty as, indeed, turned out to be the case. Three of appellant's co-defendants were charged under 18 U.S.C.A. § 3575 and, following their pleas of not guilty, were convicted under that law.

Appellant now asserts that his prior felony convictions were subject to collateral attack; were voidable; and that his counsel, by failing to advise him that the prior convictions could not support a "dangerous special offender" conviction, caused appellant to tender a plea of guilty which was not intelligently made.

As stated above, appellant was not charged at any time under 18 U.S.C.A. § 3575. His attorney was not representing him in resisting any such charge. He was indicted only with violation of 18 U.S.C.A. § 1503, obstruction of justice. There is no contention that appellant's attorney failed in any respect in the investigation of the facts and the law touching upon the issues made by the charge that *was* pending.[1] Appellant's complaint, in brief, is that his attorney was sufficiently alert to foresee that his client's prior record might well bring forth another charge. He advised

1. There is, furthermore, no suggestion that counsel *would have* failed to provide vigorous and able representation in defense of his client had his client been charged in any other way.

appellant of that foreseeable complication. Absent any contention to the contrary, such advice implies that, should an additional charge be brought, the attorney and his client would be obliged to prepare for defense against it.

The advice was well given. Appellant's record clearly would have formed the basis for a charge under 18 U.S.C.A. § 3575. Nothing appears that would have put counsel upon inquiry notice of any defect in the prior convictions, and nothing was brought to his attention by his client or anyone else to that effect. The client was not called upon to plead to an 18 U.S.C.A. § 3575 charge; we are not called upon to define the advice called for before any such plea would have been intelligently made. The advice evidences good counselling. To have permitted his client to plead to the obstruction of justice charge *without* knowing that a charge of enhancement was lurking in the wings might have amounted to ineffectiveness.

Certainly, it cannot be said that the advice of appellant's counsel, even as now questioned, was not within the range of competence demanded of attorneys in criminal cases. *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Johnson v. United States,* 480 F.2d 142 (5th Cir. 1973).

In light of the District Court's having followed the procedure prescribed by the Court in *Lipscomb v. Clark,* 468 F.2d 1321 (5th Cir. 1972), we find the contention of appellant that the District Court improperly considered his prior convictions in passing sentence to be without merit.

Accordingly, the judgment of the District Court must be

AFFIRMED.