**Benjamin James JACKSON, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

No. 76–2944

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 14, 1977.

Rehearing and Rehearing En Banc Denied April 12, 1977.

---

4. Questions five and seven elicited these findings. (R. 173–83).

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

618

Benjamin James Jackson, pro se.

John L. Hill, Atty. Gen., Jack B. Boone, Asst. Atty. Gen., David M. Kendall, Jr., 1st Asst. Atty. Gen., Joe B. Dibrell, Jr., Anita Ashton, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

AINSWORTH, Circuit Judge:

Petitioner Benjamin James Jackson appeals from a District Court's denial of his habeas corpus petition.

Jackson, accompanied by counsel, pleaded guilty to murder in a Texas state court and did not appeal. His state habeas corpus petition was denied after a hearing. In this federal habeas petition he raises substantially the same issues as in his state petition: that alleged new facts concerning an insanity defense should have been explored in a hearing; that he was coerced into pleading guilty; and that he received ineffective assistance of counsel. We find these contentions to be without merit and affirm.

Jackson asserts that the District Judge below erred in not providing an evidentiary hearing to explore "new evidence" concerning his sanity and competency. In the state habeas corpus hearing Jackson's attorney, Laird Palmer, testified that he considered and discarded the possibility of an insanity or incompetency defense because he believed Jackson was sane at the time of the murder and competent at the hearing. This considered decision by counsel did not "sap the proceedings' fundamental fairness," *Fitzgerald v. Estelle*, 5 Cir., 1975, 505 F.2d 1334, 1338. The state trial judge gave Jackson an opportunity to raise this issue, but the record shows that Jackson asserted competency.

Jackson's unsupported claims of "new evidence" did not require an eviden-

tiary hearing in federal court. In the words of a case cited to us by Jackson, he failed to present facts "sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to the mental capacity of the petitioner to meaningfully participate and cooperate with counsel during a criminal trial." *Bruce v. Estelle*, 5 Cir., 1973, 483 F.2d 1031, 1043; *accord, McCune v. Estelle*, 5 Cir., 1976, 534 F.2d 611. The District Judge did not abuse his discretion in declining to order an evidentiary hearing to explore Jackson's sanity or competency to stand trial.

■ Jackson asserts that Attorney Palmer deceived him into thinking that his wife could and would be a competent witness against him. At the state habeas corpus hearing he testified that this was the "only" reason he pleaded guilty. Attorney Palmer testified, however, that he advised Jackson that his only available defense, alibi, was largely undercut by Jackson's wife's unavailability as an alibi witness since she had previously given the police a statement to the effect that Jackson confessed the murder to her and furnished the details therefor. Had she taken the stand the statement could have been introduced in impeachment of her testimony, Attorney Palmer believed. That he so advised Jackson did not deprive the state proceedings of fundamental fairness.

■ Finally Jackson asserts that he was coerced to plead guilty by being threatened with the death penalty, and that Attorney Palmer incorrectly advised him concerning its availability in light of the then recently decided *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Fear of the death penalty does not alone render a guilty plea involuntary, *Brady v. United States*, 397 U.S. 742, 757–58, 90 S.Ct. 1463, 1473–74, 25 L.Ed.2d 747 (1970). Similarly,

> A plea of guilty triggered by the expectations of a competently counseled defendant that the State will have a strong case against him is not subject to later attack because the defendant's lawyer correctly advised him with respect to the then existing law as to possible penalties but later pronouncements of the courts, as in this case, hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered.

*Brady, supra,* 397 U.S. at 757, 90 S.Ct. at 1473. Attorney Palmer testified at the state habeas corpus hearing that he entertained doubt as to *Furman's* effect on the Texas death penalty. Both the prosecutor and trial judge felt that *Furman* alone did not dispose of the Texas death penalty, and the prosecutor indicated his intention to ask for death had the case gone to trial. The District Judge did not exceed his discretion in ruling that these circumstances did not amount to a denial of fundamental fairness. *Fitzgerald supra; see Johnson v. United States*, 5 Cir., 1973, 480 F.2d 142, 144.

AFFIRMED.