**Charles Edward SAND,
Petitioner-Appellee,**

v.

**W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellant.**

**No. 76–1603.**

United States Court of Appeals,
Fifth Circuit.

April 5, 1977.

John L. Hill, Atty. Gen., David M. Kendall, Jr., 1st Asst. Atty. Gen., John P. Griffin, Joe B. Dibrell, Asst. Attys. Gen., Austin, Tex., W. Barton Boling, Asst. Atty. Gen., El Paso, Tex., Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

**50**

Donald A. Smyth, Staff Counsel for Inmates, Brazoria, Tex., for petitioner-appellee.

Before TUTTLE, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Petitioner pled guilty to felony theft in exchange for a Texas prosecutor's agreement not to seek enhancement of his sentence to life under the habitual criminal statute. The federal district court granted the petitioner a writ of habeas corpus because his state-appointed attorney failed to investigate whether petitioner's two prior convictions were so constitutionally infirm that they could not have been used for enhancement purposes. The court held that the failure to investigate rendered defendant's counsel ineffective and entitled defendant to relief whether or not the convictions were in fact valid for enhancement use.

We hold that if the prior convictions could have been used for enhancement purposes, the defendant's guilty plea based on the premise that they could be so used was not infirm and should not have been set aside. We therefore remand the case to the district court for determination of this crucial question.

A grand jury indicted Sand for the felony offense of theft. The indictment also charged petitioner with two prior convictions, one for automobile theft in Colorado in 1963, and the other for taking an automobile without the consent of the owner in New Mexico in 1969. If proven, the theft offense and the two prior felony convictions would at that time have resulted in a mandatory life sentence under the Texas habitual criminal statute, enhanced from a maximum of 10 years for theft alone. Texas Penal Code tit. 2, § 63 (Vernon). This statute has now been repealed. Texas Penal Code, App. 411 (Vernon 1974).

At arraignment in May, 1973, petitioner pled not guilty. Trial was set for September and petitioner remained in custody. His court-appointed counsel conferred with him 15–20 minutes the day of arraignment, and three times thereafter. The attorney interviewed witnesses and satisfied himself that the state could prove the primary charge of theft. His only investigation into the law or facts concerning the use of the prior charges for enhancement was to confirm that the petitioner had pled guilty to them.

While petitioner was in custody, a jailer told him that in return for a plea of guilty the habitual criminal charge would be dismissed and he would receive a sentence of 10 years. Under whose authority the jailer acted or who initiated the plea bargaining is not clear. Petitioner correctly assumed that if he were taken back into court he would have an opportunity to consult with his attorney again, and he advised the jailer he would accept the plea bargain.

In early July, petitioner was returned to court for his plea change. He conferred with his counsel for a short period of time, and was advised that the prior convictions could be used for enhancement to life imprisonment. Counsel, who apparently had not been previously involved in the plea bargaining, felt the petitioner's best strategy was to go to trial hoping for a lenient sentence from the jury. Petitioner, fearful of the life sentence he could receive unless the enhancement charges were dropped, changed his plea to guilty. The court sentenced him to 10 years imprisonment.

In jail petitioner first discovered the possibility that a court might have disallowed use of his prior convictions for enhancement. When faced with the Colorado charge, petitioner was indigent and without assistance of counsel. Absent proof that he voluntarily waived counsel, the conviction could not be used for enhancement. *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *Craig v. Beto*, 458 F.2d 1131 (5th Cir. 1972). The New Mexico crime, although a felony in that state, may not have been a felony in Texas. As a

result, it may not have fallen within the class of offenses which triggered enhanced sentences under the Texas habitual criminal statutes. *Shannon v. State*, 170 Tex.Cr.R. 91, 338 S.W.2d 462, 465 (1960), *cert. denied*, 364 U.S. 935, 81 S.Ct. 386, 5 L.Ed.2d 369 (1961).

Petitioner exhausted his state habeas corpus remedies and brought this action. The district court, after an evidentiary hearing, held petitioner's attorney had been "too poorly prepared to give him effective assistance in deciding how to plead." Based on the decision that petitioner had been denied his Sixth Amendment right to effective assistance of counsel, the court held his plea was involuntary. *Sand v. Estelle*, Civ. No. CA–7–74–74 (N.D.Tex. Feb. 13, 1976). The court ordered petitioner released unless retried within 120 days.

The district court cited three errors made by petitioner's attorney. First, he advised petitioner a jury could reduce his sentence. The habitual criminal statute mandated a life sentence once the three offenses were proved. The jury had no right to reduce it. Second, he failed to advise petitioner which way he should respond to the state's plea bargain offer. Third, the attorney failed to investigate the prior convictions to determine if they could be validly used for enhancement, and failed to advise petitioner to postpone his plea until such an investigation could be made.

The court, however, failed to determine whether any of these errors contributed to the defendant's plea change. For example, his attorney's mistaken advice about the advantages of a jury trial could hardly be said to have coerced him into a guilty plea when the misinformation would have tended to encourage him to keep his not guilty plea and go to trial. *Cooks v. United States*, 461 F.2d 530, 532–533 n.3 (5th Cir. 1972), distinguishing *United States v. Woodall*, 438 F.2d 1317 (5th Cir.), *cert. denied*, 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971). Also, in view of the attorney's desire to try the case and his possibly correct (if fortuitously so) evaluation of the enhanced sentence petitioner faced, his failure

specifically to urge the petitioner to adopt one course rather than another would probably have had no effect on petitioner's decision to plead guilty.

■ Finally, Sand's attorney advised him the prior convictions could be used for enhancement. If full investigation would have supported the advice that the enhancement allegations could be sustained, petitioner acted on correct advice and could show no prejudice from his attorney's failure to investigate. Failure to inform a defendant who pleads guilty of an arguable defense, which is later proven invalid, does not constitute ineffective assistance of counsel. *Cheely v. United States*, 535 F.2d 934, 936 (5th Cir. 1976); *cf. Chambers v. Moroney*, 399 U.S. 42, 54, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) (failure to raise search and seizure claim at trial). The writ of habeas corpus should not be granted solely because an attorney's correct advice was due to luck rather than to skill.

Petitioner urges this Court to find ineffective assistance was rendered even if the advice he received was correct. He suggests once a failure to investigate is shown, prejudice is to be presumed. In support of his position, he cites the rule announced by the Fourth Circuit in *Coles v. Peyton*, 389 F.2d 224 (4th Cir.), *cert. denied*, 393 U.S. 849, 89 S.Ct. 80, 21 L.Ed.2d 120 (1968), and recently approved by a split panel in the District of Columbia, *United States v. DeCoster* (D.C. Cir. 1976) (No. 72–1283, Oct. 19, 1976), *rehearing granted en banc* (March 17, 1977). *But see Pennington v. Beto,* 437 F.2d 1281 (5th Cir. 1971). The holdings of those cases, however, do not support the application of such a rule to this guilty plea. Both decisions dealt with an attorney's failure to interview witnesses and investigate facts before going to trial. Their presumption rested in part on judicial reluctance to speculate after the fact on the impact of evidence that might have been revealed by investigation. Here the question is not what effect an investigation would have had on a trial, but whether petitioner was properly advised concerning a matter of law that would have been resolved by a

judge independently of the decision of guilt. *See Cavett v. United States*, 545 F.2d 486 (5th Cir. 1977).

This is not a case where a client received no notice from his attorney about an essential element of the offense. *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). Petitioner received advice concerning use of prior convictions, and the only theory under which his plea could be involuntary is that the advice was incorrect.

■ Determining whether the prior convictions could have been used for enhancement may involve the resolution of a factual dispute concerning the waiver of counsel during the 1963 Colorado proceedings. It may also require resolution of legal points not fully litigated before this Court. Accordingly, we reject the suggestion that we decide the question at this time. We remand for the district court to decide whether the prior convictions could have been used for enhancement purposes in Texas.

To obviate the need for further appeal, we retain jurisdiction and request the district court to certify its findings to this Court for final disposition.

REMANDED.