**Charles Edward SAND,**
**Petitioner-Appellee,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellant.**

**No. 76–1603.**

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1977.

John L. Hill, Atty. Gen., David M. Kendall, Jr., 1st. Asst. Atty. Gen., John P. Griffin, Joe B. Dibrell, Asst. Attys. Gen., Austin, Tex., W. Barton Boling, Asst. Atty.

Gen., El Paso, Tex., Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Donald A. Smyth, Staff Counsel for Inmates, Brazoria, Tex., for petitioner-appellee.

Before TUTTLE, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

In 1973 an attorney advising petitioner Charles Edward Sand told him Texas could use two prior felony convictions to enhance his sentence for a theft charge from a 10-year-maximum to life. Sand asserts his lawyer was ineffective and his subsequent guilty plea was involuntary because the attorney made no investigation to establish the validity of the prior convictions. A prior opinion of this panel determined Sand would be entitled to a writ of habeas corpus only if the advice he received was incorrect, even though the attorney had insufficient information to be assured of the correctness of the advice. *Sand v. Estelle*, 551 F.2d 49 (5th Cir. 1977). We retained jurisdiction and remanded to the district court for appropriate findings.

 The district court has now certified findings and conclusions which establish that the attorney's advice was accurate. Although Sand was indigent and without assistance of counsel in 1963 when he was convicted of felonious car theft in Colorado, that state transcript shows a valid waiver of the right to counsel. While the transcript was not available at the time of his 1973 plea change, the record contains no indication that if a challenge had been raised, it could not have been produced. Sand's 1969 New Mexico conviction for joyriding would have been a felony in Texas if the vehicle were worth more than $200. Tex.Penal Code art. 1341 (repealed). The district judge was justified in assuming that a 1-year-old Chevrolet Camaro exceeded that value. The prior convictions could have been used to enhance Sand's sentence, had he gone to trial.

 Pursuant to our prior opinion, we reverse the district court's grant of the writ of habeas corpus. While the investigation of Sand's attorney might be faulted, the advice he gave was correct. Any defect in his work did not affect the defendant's guilty plea. The "writ of habeas corpus should not be granted solely because an attorney's correct advice was due to luck rather than to skill." *Sand, supra,* 551 F.2d at 51.

REVERSED.