Donnie L. SLOAN, Petitioner-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 82–2362.

United States Court of Appeals, Fifth Circuit.

July 28, 1983.

Mary Adell Daffin, Houston, Tex. (Court-appointed), for petitioner-appellant.

Brenda K. Smith, Austin, Tex., for respondent-appellee.

Before RUBIN and JOLLY, Circuit Judges, and PUTNAM *, District Judge.

PUTNAM, District Judge:

This is an appeal from the denial of petitioner's application for habeas corpus pursuant to Title 28 U.S.C. § 2254 et seq., directed to respondent W.J. Estelle, Jr., Director, Texas Department of Corrections. Sloan is in custody following four convictions on pleas of guilty to the offense of robbery with firearms, two in Grayson County and two in Collin County, Texas. He was sentenced to a total of fifty years on each charge, to run concurrently. Sentence was imposed on October 2, 1970.

Sloan was provided with court-appointed counsel upon request after confessing to the

---

* District Judge of the Western District of Louisiana, sitting by designation.

crimes during a police interrogation. Each of the offenses with which he was charged carried the death penalty. The district attorney filed notice in accordance with Texas procedure that he would seek the death penalty on both of the Collin County charges. His first two attorneys withdrew from the appointment at their own request, as they did not feel that they had the experience necessary to try a capital case and, according to their testimony, they were having differences with the trial judge and the prosecuting attorneys' office. The Court then appointed Mr. John L. McCraw to represent Sloan. He was an experienced trial lawyer in private practice in Collin County, Texas. He is presently serving as a state district judge in that county.

Petitioner's request for relief is based on two grounds: (1) that his guilty pleas were not voluntarily made and (2) that the trial court erred in failing to order a hearing *sua sponte* to determine petitioner's competency to stand trial. We discuss them seriatim.

## I.

■ Petitioner contends that these guilty pleas were involuntary because he was denied effective assistance of counsel; that his confessions were made under duress; and that the state district judge and the prosecuting attorney threatened him with the death penalty if he did not plead guilty and agree to testify against Hollingsworth, his co-defendant. Petitioner's allegation of ineffective assistance of counsel is premised upon his contention that Mr. McCraw failed to adequately investigate the issue of his mental competence. Relief will not be accorded on this basis unless petitioner shows by a preponderance of the evidence that his attorney did not represent him with the requisite minimum amount of legal competence, and that he was prejudiced thereby.

*Washington v. Strickland,* 693 F.2d 1243, 1250 (5 Cir.1982).[1]

■ Mr. McCraw met with Sloan on several occasions. He was able to negotiate a plea bargain whereby, in exchange for the guilty pleas, the application to seek the death penalty would be withdrawn and petitioner would receive fifty-year concurrent sentences on each charge. In addition to the four charges in Collin County and Grayson County, there were several other potential charges that could have been brought against Sloan and, as part of the plea agreement, these other cases were dropped. Mr. McCraw testified that although he was appointed six days prior to trial, he worked on the case steadily for three days investigating the facts and that he communicated the results of his investigation to Sloan; that Sloan appeared to be competent at all times and, in fact, very bright, and that he understood and wanted to accept the plea bargain.

Mr. McCraw chose to bargain with the prosecutors for leniency rather than pursue the issue of Sloan's mental capacity. Considering the weight of the evidence against petitioner and the fact that the death penalty would have been sought on at least two of the charges, we cannot fault counsel's decision to strike a bargain with the prosecutors as ineffectiveness, particularly in view of Sloan's apparently rational demeanor throughout the proceedings.[2]

■ In order to grant a writ of habeas corpus on grounds of ineffective assistance of counsel, the court must find ineffectiveness coupled with "actual and substantial disadvantage" to the petitioner in conducting his defense. *Washington v. Strickland, supra,* at page 1258. Sloan has not shown that McCraw's decision to bargain with the prosecution worked to his actual and substantial disadvantage. For instance, the report of the psychologist, Dr. Labowitz, dat-

---

1. Review has been granted in this case, No. 82–1554, S.Ct. See: —— U.S. ——, 103 S.Ct. 2451, 77 L.Ed.2d 1332 (1983). This does not, in our opinion, affect the viability of the requirement of prejudicial effect.

2. *Washington v. Strickland, supra,* at 1255, 1256; *Bradbury v. Wainwright,* 658 F.2d 1083 (5 Cir.1981), cert. den. 456 U.S. 992, 102 S.Ct. 2275, 73 L.Ed.2d 1288 (1982); *Jackson v. Estelle,* 548 F.2d 617, 618 (5 Cir.1977).

ed May 12, 1970,[3] does not establish the defense of insanity at the time of commission of the crime or at the time his guilty plea was entered. See: *Freeman v. State,* 166 Tex.Cr.R. 626, 317 S.W.2d 726, 730 (Cr. App.1958).[4] Furthermore, the report of Dr. David T. Wells indicates that in 1979, during the pendency of Sloan's state habeas petition, he was capable of understanding and was, in fact, competent to proceed with his own defense if he so desired. Mr. McCraw's decision not to pursue the defense of insanity in 1970 was clearly not prejudicial.

Sloan's contention that his pleas were involuntary due to the use of illegally obtained confessions and to coercion by the district judge and the state prosecutors, who threatened him with the death penalty if he did not plead guilty, lacks factual footing. His assertion that he was interrogated for several hours after his arrest by authorities who denied him the right to counsel, and that during the course of the interrogation he was denied medication he had been taking for bronchial asthma, as a result of which he confessed to the crimes, is belied by the evidence.

■ The state judge made detailed findings of fact which are contrary to the facts as stated by petitioner. These findings are to be accorded a presumption of correctness. 28 U.S.C. § 2254(d). This statutory presumption governs unless one of the exceptions contained therein is found to be applicable. See *Sumner v. Mata,* 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982). Petitioner has not shown that any of the eight exceptions enumerated in § 2254(d) apply to his case. Furthermore, nonjurisdictional challenges to the constitu-

tionality of the conviction are waived by the plea of guilty and the defendant must successfully attack the voluntary and knowing nature of the plea in order to go behind it. *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1979); *Bradbury v. Wainwright, supra.*

■ The state judge found that petitioner had not been coerced by either the trial judge or the prosecuting attorneys to bring about his guilty pleas. Petitioner has failed to show that such findings were erroneous. At best, the evidence reflects that petitioner was offered leniency in return for testifying against a co-defendant, which he refused to do. Such plea bargaining is a permissible exercise of prosecutorial authority. See *Brady v. U.S.,* 397 U.S. 742, 750, 758, 90 S.Ct. 1463, 1470, 1474, 25 L.Ed.2d 747 (1970).

### II.

■ Where sufficient evidence is presented in the trial court to raise a serious doubt as to a defendant's mental competency to stand trial, the court should conduct a hearing on that issue before proceeding with the trial. *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). The burden of showing that facts exist sufficient to raise a bona fide doubt as to a habeas petitioner's competency to stand trial rests on the petitioner. *Pedrero v. Wainright,* 590 F.2d 1383 (5 Cir.1979), cert. den., 444 U.S. 943, 100 S.Ct. 299, 62 L.Ed.2d 310. Sloan did not meet this burden.

■ There is no indication in the record that petitioner appeared anything other than rational and capable of understanding the nature of the proceedings against him

---

**3.** Dr. Labowitz, an uncle of one of petitioner's attorneys at that time, reported that petitioner "... is a marginally psychotic individual, although he can use his inherent brightness and imagination to appear rational and integrated, his essential psychological structure is such that even slight amounts of strain and stress will make him vulnerable to rapid disintegration ...." "Depression, sociopathy and schizoid thinking are all apparent." He further opined that Sloan is in reality a candidate for intensive psychiatry, rather than a criminal

case. In 1963, he was discharged from military service and diagnosed as "Schizophrenic reaction, acute, undifferentiated type." (Exhibit P 5); and in 1968, after a voluntary commitment in a Texas State institution, he was diagnosed simply as "Personality trait disturbance, emotionally unstable personality." (Exhibit P 6).

**4.** Texas followed the M'Naghten rule until 1974 when Tex.Penal Code Ann., tit. 2 § 8.01 (Vernon) was adopted.

and assisting in his defense at all times leading up to his pleas. The only evidence of possible mental infirmities brought to the attention of the trial judge was a motion for continuance filed on petitioner's behalf wherein mention was made of his prior hospitalization "on numerous occasions for mental illness." Also, McCraw asked the trial judge to consider Sloan's mental condition so that the state might provide treatment following his incarceration. This was not sufficient to raise a doubt in the judge's mind as to defendant's mental competency of such magnitude as to cause him to provoke a competency hearing on his own motion.

The judgment is, accordingly, AFFIRMED.