43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Antonio RAMIREZ, Petitioner-Appellant,
v.
Bill PRICE and Attorney General for the State of Colorado,
Respondents-Appellees.
 No. 93-1382.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and BARRETT, Circuit Judges, and CAMPOS*, District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Antonio Ramirez (Ramirez) appeals from the district court's dismissal with prejudice of his 28 U.S.C. 2254 petition for a writ of habeas corpus.
 
 
 4
 Ramirez was charged and convicted in two Colorado state court criminal proceedings. In Case No. 86CR466, Ramirez was convicted of possession of a weapon by a previous offender and driving while ability impaired. In Case No. 86CR815, Ramirez was convicted of third degree assault, possession of a weapon by a previous offender, and two habitual offender counts. He was sentenced to four years and ninety days in Case No. 86CR466 and thirty years in Case No. 86CR815, the sentences to be served concurrently.
 
 
 5
 Ramirez appealed his convictions in Case No. 86CR815. His court-appointed counsel filed a Statement of the Case in which he represented that he, having "carefully read the record, researched all areas in the record which could have served as potential grounds of errors; [and having] personally interviewed Appellant and again researched both record and applicable law ... concludes the appeal is without merit or arguable grounds of error." (R., Vol. I, Tab 3, Exh. B2 at 2).
 
 
 6
 Thereafter, Ramirez filed a pro se brief in which he alleged that: he could not comprehend the testimony against him due to inadequate interpretation; his attorney failed to call one Rosendo Martinez; he was not advised that he could have a bifurcated procedure on the charge of possession of a weapon by a previous offender; and, he was not advised that he could contest the validity of his prior convictions for purposes of trial and sentencing.
 
 
 7
 The Colorado Court of Appeals affirmed Ramirez's convictions. His petition for certiorari was denied by the Colorado Supreme Court.
 
 
 8
 Ramirez subsequently filed a pro se petition for writ of habeas corpus in federal district court. Within his petition, He alleged that he did not have a fair trial because he could not speak English, his court-appointed English-Spanish interpreter was inadequate, and he was denied effective assistance of counsel. Counsel was appointed to represent Ramirez and a hearing was conducted.
 
 
 9
 Following the hearing, the magistrate judge found that: Ramirez failed to establish that inadequate interpretation rendered his trial fundamentally unfair; Ramirez failed to establish that his conviction in state Case No. 83CR919, a predicate for the habitual criminal charge, was invalid based on his allegations that he was not advised of his rights and the trial court failed to establish a factual basis for his plea; Ramirez established that he was denied effective assistance of counsel as a result of counsel's failure to challenge his conviction in state Case No. 80CR159 which was also used as a predicate for the habitual criminal charge.
 
 The magistrate judge concluded:
 
 10
 In this case, the habitual criminal conviction cannot stand due to the impropriety of the conviction in 80CR159.... The habitual criminal conviction was premised squarely on the two previous convictions, one of which cannot stand. Absent that 1980 conviction, Petitioner could not be charged as or convicted as an habitual criminal....
 
 
 11
 IT IS THEREFORE RECOMMENDED that relief be denied as to Petitioner Antonio Ramirez' claim regarding inadequacy of the interpreter; and
 
 
 12
 IT IS FURTHER RECOMMENDED that relief be granted only as to Petitioner's claim of ineffective assistance of counsel for failure to challenge the conviction in 80CR159; and
 
 
 13
 IT IS FURTHER RECOMMENDED that Respondents be directed to vacate Petitioner's habitual criminal conviction in 86CR815;
 
 
 14
 (R., Vol. I, Tab 56 at 11-12).
 
 
 15
 After reviewing the magistrate judge's recommendations and the parties' objections thereto, the district court entered an order dismissing Ramirez' petition with prejudice. In so doing, the court adopted the magistrate judge's finding that Ramirez had failed to establish that inadequate interpretation had rendered his trial fundamentally unfair and that Ramirez had failed to establish that his conviction in Case. No. 83CR919 was invalid. However, the court rejected the magistrate judge's finding that Ramirez had established that his conviction was invalid in Case No. 80CR159 because he was denied effective assistance of counsel.
 
 
 16
 On appeal, Ramirez contends that: he was denied a fair trial because his interpreter was inadequate; he was denied effective assistance of counsel based on counsel's failure to challenge the validity of his prior conviction in 80CR159; and, he was denied effective assistance of counsel based on counsel's failure to challenge the validity of his conviction in 83CR919.
 
 I.
 
 17
 Ramirez contends that he was denied a fair trial through the use of an inadequate interpreter and that the district court erred when it adopted the magistrate judge's analysis that his interpreter was adequate.
 
 
 18
 Ramirez contends that: the inadequate interpretation rendered his trial fundamentally unfair; he did not understand the proceedings fully and was not able to relate to his counsel or the court his views regarding cross examination of the witnesses or his dissatisfaction with the proceedings; he specifically asked the interpreter to tell the court he wanted to stop the proceedings and the interpreter did not do so.
 
 
 19
 During Ramirez' habeas hearing, A. M. Dominguez, Ramirez' trial counsel, who spoke Spanish fluently, testified:
 
 
 20
 Q. [Colorado Assistant Attorney General]: Okay. And did you notice any problems with the interpreter translating the proceedings?
 
 
 21
 A. No, no. I didn't notice any problems with the interpretation while I was sitting at counsel table. Obviously when I was up examining at the podium I really couldn't hear.
 
 
 22
 Mr. Ramirez never made any comment to me or mentioned that he was having problems understanding. Or that he wanted an understanding of what was going on. During trial he would ask me to ask certain questions which were asked.
 
 
 23
 As a matter of fact, I think even some of them were kind of far out. But I still asked them.
 
 
 24
 Q. So during trial he was able to--- to discuss the case with you? Or stop whenever he wanted to ask you about something?
 
 
 25
 A. Yes.
 
 
 26
 Q. And he never complained to you about the translation he received?
 
 
 27
 A. No, no. The first time that I heard that I think was when--- I believe her name was Judy that was subsequently appointed after me. She called me, after I had moved to withdraw. And asked me about the interpreter. That's apparently when Mr. Ramirez had indicated that there was a problem there. And I was surprised.
 
 
 28
 And I was surprised because this person even translated word-for-word the instructions. And I was sitting there at counsel table, and when the judge is reading instructions you don't have a whole lot to do. I was listening to her doing the instructions. And I was kind of amazed that she was word-for-word translating all the jury instructions.
 
 
 29
 (R., Vol. II at 48-50).
 
 
 30
 Following the hearing, the magistrate judge found:
 
 
 31
 An examination of the record indicates that, contrary to Petitioner's assertions, Petitioner did consult with Mr. Dominguez and that Mr. Dominguez asked certain questions at Petitioner's request.... The record also indicates that, although Petitioner did not hesitate to inform the trial court that [he] was unhappy with his attorneys ... he never informed the court of any difficulties he was having with the interpreter. Petitioner also failed to raise this issue at his sentencing hearing....
 
 
 32
 The court finds that Petitioner has failed to establish that any inadequate interpretation rendered his entire trial fundamentally unfair. Petitioner was an active participant in his trial and did express his opinion as to the course of the proceedings to both his attorney and the court. Given Petitioner's pattern of complaining about perceived problems with his trial, if Petitioner had indeed found inadequacies in translation to be impairing his ability to follow the proceedings, it is unlikely he would have neglected to bring these inadequacies to the attention of either the court or his attorney.
 
 
 33
 (R., Vol. I., Tab 56 at 4-5).
 
 
 34
 Matters regarding the use of an interpreter are left to the discretion of the district court. United States v. Rosa, 946 F.2d 505, 508 (7th Cir.1991). "Our ultimate determination in addressing a claim of inadequate interpretation is 'whether such failure made the trial fundamentally unfair.' " United States v. Sanchez, 928 F.2d 1450, 1455 (6th Cir.1991) (quoting United States v. Tapia, 631 F.2d 1207, 1210 (5th Cir.1980)). "A reviewing court is unlikely to find that a defendant received a fundamentally unfair trial due to an inadequate translation in the absence of contemporaneous objections to the quality of the interpretation." United States v. Joshi, 896 F.2d 1303, 1310 (11th Cir.1990).
 
 
 35
 The court observed in Valladares v. United States, 871 F.2d 1564, 1566 (11th Cir.1989):
 
 
 36
 Because the proper handling of translation hinges on a variety of factors, including the defendant's knowledge of English and the complexity of the proceedings and testimony, the trial judge, who is in direct contact with the defendant, must be given wide discretion.
 
 
 37
 * * *
 
 
 38
 * * *
 
 
 39
 It is also significant that appellant made no objection to the adequacy of his interpreter at trial. Thus we do not here have to decide whether, upon proper objection, summaries are sufficient so that word-for-word translation is necessary. Reviewing courts have considered a lack of objection at trial as a factor weighing against a finding of abuse of discretion by the trial court.... Only if the defendant makes any difficulty with the interpreter known to the court can the judge take corrective measures. To allow a defendant to remain silent throughout the trial and then, upon being found guilty, to assert a claim of inadequate translation, would be an open invitation to abuse.
 
 
 40
 Applying these standards, we hold that the district court did not abuse its discretion in adopting the magistrate judge's recommendation that Ramirez failed to establish any inadequate interpretation which would have rendered his trial fundamentally unfair.
 
 
 41
 Mr. Dominguez, Ramirez' trial counsel, who was fluent in Spanish, testified that Ramirez participated in the trial and never once indicated that he was having difficulty understanding the interpreter or the nature of the proceedings. Moreover, as the magistrate judge found, given Ramirez' propensity for complaining about his perceived problems with his trial, "it is unlikely that he would have neglected to bring these [interpretation] inadequacies to the attention of either the court or his attorney." (R., Vol. I., Tab 56 at 5).
 
 
 42
 We agree with Valladares, 871 F.2d at 1566, that "[t]o allow a defendant to remain silent throughout the trial and then, upon being found guilty, to assert a claim of inadequate translation, would be an open invitation to abuse."
 
 II.
 
 43
 Ramirez contends that he was denied his Sixth Amendment right to effective assistance of counsel based on his counsel's failure to challenge the validity of his prior conviction in 80CR159, wherein Ramirez was convicted of attempted first degree sexual assault after a trial to the court.
 
 
 44
 Ramirez argues that the magistrate judge correctly found he was denied effective assistance of counsel as a result of counsel's failure to challenge his conviction in 80CR159 on the basis that he was not adequately informed of his right to a jury trial before he waived it. Ramirez contends that the district court erred when it rejected the magistrate judge's finding and concluded that his counsel's failure to challenge the 80CR159 conviction was not prejudicial.
 
 
 45
 In making these arguments, Ramirez acknowledges that he signed a written waiver of jury trial, that he answered "yes" to the court's direct inquiry as to whether he wished to proceed without a jury, and that the bailiff, who acted as an interpreter in the case, testified that he heard Mr. Vigil, Ramirez' attorney, advise Ramirez in correct Spanish relative to the waiver of jury trial. Ramirez nevertheless contends that since the record does not establish that he was adequately informed of his right to a jury trial in 80CR159, the district court erred in rejecting the magistrate judge's finding that he was denied his Sixth Amendment right to effective assistance of counsel.
 
 
 46
 In rejecting the magistrate judge's finding that Ramirez' was denied effective assistance of counsel, the district court found:
 
 
 47
 Courts are reluctant to find that failure to challenge prior convictions constitutes ineffective assistance of counsel. A failure to investigate and challenge prior convictions does not, by itself, constitute ineffective assistance of counsel. Sand v. Estelle, 551 F.2d 49 (5th Cir.1977), cert. denied, 434 U.S. 1076 (1978). The first of the two prior convictions Petitioner cites is 80CR159; which Petitioner claims was invalid because the court in that case inadequately instructed Petitioner of the significance of his jury waiver. Magistrate Judge Borchers concluded that Petitioner had met both prongs of the Strickland test with regard to this claim. The court is not convinced that counsel's assistance was deficient. The record is clear that counsel discussed with Petitioner the circumstances surrounding his jury waiver in 80CR159 and concluded that there was no basis for challenging the conviction. The court finds that the probability of success on such a challenge is speculative and that counsel's decision not to pursue the challenge was not improper. Thus, the court concludes that counsel's failure to challenge Petitioner's conviction in 80CR159 was not prejudicial.
 
 
 48
 (R., Vol. I, Tab 63 at 3-4).
 
 
 49
 A defendant in a criminal proceeding is entitled to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To establish a denial of effective assistance of counsel a defendant must establish that counsel's performance was deficient and that the deficient performance prejudiced his defense. Id., at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. A claim of ineffective assistance of counsel raises a mixed question of law and fact which requires us to view the totality of the evidence before the judge and jury. United States v. Maxwell, 966 F.2d 545, 547 (10th Cir.1992).
 
 
 50
 Under Strickland, Ramirez was required to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. We agree with the district court that Ramirez failed to establish that he was prejudiced, particularly when, as here: Ramirez executed a written jury waiver; the court advised Ramirez that he had a right to a jury trial; the court advised Ramirez that he had to specifically agree to proceed without a jury in order to waive that right; Ramirez responded affirmatively to the court's inquiry as to whether he wished to waive his right to a jury trial; and, nothing in the record indicates that his waiver was invalid.
 
 
 51
 Moreover, the arguments of Ramirez' 80CR159 counsel, made in support of his motion for a new trial, indicate that Ramirez purposefully waived his right to a jury so that his attempted first degree assault case would be tried to the court:
 
 
 52
 Now the facts in this case are such, and I think the court recognizes this, Mr. Ramirez waived the jury and he waived it twice because he waived it before we started trial and I think it was very proper that it be done that way to make sure this is what he wanted to do, but certainly this is a situation in which he was willing to present himself to the court and tell the facts as he knew them and as he felt they were.
 
 
 53
 (R., Vol. III [80CR159] at 134).
 
 
 54
 We hold that the district court did not err in finding that counsel's decision not to challenge Ramirez' conviction in 80CR159 did not constitute a denial of effective assistance of counsel.
 
 III.
 
 55
 Ramirez contends that he was denied his Sixth Amendment right to effective assistance of counsel through his counsel's failure to challenge the validity of his prior conviction in 83CR919.
 
 
 56
 Ramirez relies upon Boykin v. Alabama, 395 U.S. 238, 244 (1969) for the proposition that a federal court will set aside a state guilty plea if the plea does not satisfy due process and demonstrate that the defendant understood the charge and consequences and voluntarily chose to plead guilty. Ramirez argues that his guilty plea in 83CR919 was not knowing and voluntary because the court "[r]ather than speaking to the defendant, and having the interpreter translate the court's statements ... relied on the interpreter to go over the plea agreement and the rights advisement." (Appellant's Opening Brief at 30). Ramirez also contends that the record "reveals a real hesitation on [his] ... part in pleading guilty." Id. at 31.
 
 
 57
 In rejecting Ramirez's contention that his guilty plea in 83CR919 was invalid, the magistrate judge found:
 
 
 58
 An examination of the record indicates that the plea was valid. Petitioner had signed a "written entry of a waiver and guilty plea." Petitioner's attorney stated that he and the interpreter had reviewed the form with Petitioner and that Petitioner understood the form. The court then asked Petitioner, through an interpreter, whether he had any questions concerning the rights that he was giving up, and Petitioner replied that he did not.... The record indicates that Petitioner was made aware of the nature of the charge, the possible sentences and the rights he was giving up through discussions with his attorney and the interpreter....
 
 
 59
 In addition, the record shows that a sufficient factual basis for the plea was established. The prosecutor reviewed the facts surrounding the case and defense counsel agreed with the prosecutor's explanation.... Because the guilty plea was not invalid, Petitioner has failed to meet the second prong of the Strickland test and has failed to establish that his counsel in 86CR815 was ineffective for failing to challenge the conviction in 83CR919.
 
 
 60
 (R., Vol. I, Tab 56 at 9-10).
 
 
 61
 The district court adopted these findings: "[w]ith regard to 83CR919, the second conviction in which Petitioner claims to have received ineffective assistance of counsel, the court is in agreement with Magistrate Judge Borcher's analysis and conclusion .... that Petitioner's guilty plea in that action was validly given and therefore counsel had no obligation to challenge the conviction." (R., Vol. I, Tab 63 at 4).
 
 
 62
 We agree with the magistrate judge and district court that Ramirez' guilty plea in 83CR919 was valid. We hold that Ramirez has failed to establish that his counsel was ineffective for failing to challenge his 83CR919 conviction.
 
 
 63
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 *
 The Honorable Santiago E. Campos, Senior Judge, United States District Court for the District of New Mexico, sitting by designation